## ACTION FOR LIBEL GROWING OUT OF DISBARMENT PROCEEDINGS.

Circuit Court of Cuyahoga County.

HERMAN PREUSSER v. F. V. FAULHABER.*

Decided, June 18, 1909.

*Disbarment—Statutory Order of Procedure—Pleading in an Action Growing Out of Such Proceedings—Publication of the Libel.*

1. The statutory order of procedure in disbarment proceedings is (1) knowledge coming to the judge of the probable guilt of an attorney; (2) the causing by the judge of proceedings to be instituted against the attorney by the appointment of a person or persons to file and prosecute charges; (3) the filing of written charges.

---

* Affirmed without opinion, *Preusser* v. *Faulhaber*, 82 Ohio State, 466,

2. Where in an action for libel the charges bear internal evidence of having been filed in a disbarment proceeding, and it is not alleged that such proceeding was a mere cloak maliciously employed to make the publication a privileged one, the alleged libel is not actionable.

3. While the more delicate method of bringing charges against an attorney to the attention of a judge, preliminary to a proceeding for disbarment, is to seal the charges before depositing them with the clerk, failure to seal such charges does not render the party filing them liable for damages in publishing said charges to the clerk.

*Herman Preusser,* for plaintiff in error.
*M. P. Mooney,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the court of common pleas.

The parties stand related here as they stood below. There the plaintiff in error brought action for an alleged libel contained in certain written charges against him as an attorney at law filed in the office of the clerk of the court of common pleas by the defendant in error. The charges so filed were acted upon by that court and sustained; but, upon review in this court, we held that though by Revised Statutes 563, ''judges of such courts are required to cause proceedings to be instituted against any attorney at law, when it in any manner comes to the knowledge of any judge in whose court such attorney practices, that such attorney is probably guilty of any of the causes of suspension or removal,'' and ''before any attorney is suspended or removed, written charges must be filed against him,'' the statutory order of procedure had not been followed. That order is in brief, so far as it is pertinent to the present cause:

1. Knowledge coming to a judge of the probable guilt of an attorney.

2. Proceedings caused by the judge to be instituted against the attorney by the appointment of a person or persons to file and prosecute charges.

3. The filing of written charges, etc.

Manifestly, therefore, the charges filed by Faulhaber against Preusser did not of themselves amount to the institution of a

disbarment proceeding. A judge of the court in the office of whose clerk the charges were filed might, in his discretion, have treated them as bringing to his knowledge the probable guilt of the accused; whereupon it would have become his duty to cause proceedings to be instituted. But he could not proceed to try charges which were filed without previous authority from him. After we so held the disbarment proceedings to have been irregular and the judgment of suspension from practice therein pronounced by the court below to have been without jurisdiction, a libel suit was begun by Preusser, in which he merely alleged that the said libelous charges against him were published by Faulhaber, and omitted to mention the circumstances above set forth. When that case came before us, we held that the charges quoted bore internal evidence of having been filed in a disbarment proceeding; and without any averment that such proceeding was a mere cloak maliciously employed to make the publication a privileged one, the alleged libel was not actionable.

Thereupon Preusser began a second action for libel, based upon the same charges; although the record here does not disclose that any prior action for said libel was ever commenced or decided. In this new action, he discloses all the circumstances, and adds other averments which he relies on to escape the application of the principles announced in the former case. He relies mainly upon the fact that the so-called charges were filed not with any judge, but in the office of the clerk of the court of common pleas, the publication counted and relied on, being to a certain deputy clerk.

We do not concur in the distinction thus attempted to be made. In our view, the proper way to bring charges in such cases to the attention of a judge is by putting them in writing and depositing them with the clerk of the court for such action thereon as the judge must take, in case he finds the accused attorney "probably guilty." It might be more delicate if the accusation so deposited with the clerk were left sealed for delivery to the judge or judges, as in the case of *Wilson* v. *Whitacre*, 4 C. C., 15; but it is neither necessary nor desirable that such charges should be whispered orally into the ear of a judge who is called to act judicially upon them.